IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIMINAL NO. 3:2000-14-03 |
| | ) |
| v. | ) |
| | ) |
| ERIC L. MYRIECKES, | ) |
| | ) JUDGE GIBSON |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the motions of the Defendant entitled "Motion to Reopen Judgment Due to 'The Actual Innocence Exception'" (Document No. 133), "Motion to hold Petitioner's [sic] In 'Abeyance' while this Court Hear, Entertain Grant or Deny His Instant 'Actual Innocent Motion' As to the Jurisdictional Void-For Vagueness Question as to Crack Cocaine" (Document No. 136), "Applicant's 'Actual Innocent Motion' to Void a Complete Miscarriage of Justice as to his Conviction and Sentence..."(Document No. 137), "Motion to Take Judicial Notice" (Document No. 139), and "Motion for this Court to Entertain and Hear this Jurisdictional 'Void-for-Vagueness' Question..." (Document No. 140).[1] As this Court and the Court of Appeals for the Third Circuit has

---

[1] The Government claims that the Court did not rule upon the Defendant's Motion for Reconsideration dated October 6, 2005. However, the Court refers the Government to the civil docket at Civil Action No. 3:2005-229 that encompasses the Defendant's previous motion pursuant to 28 U.S.C. § 2255 and this Court's denial of the motion for reconsideration, the Defendant's appeal from it, and the denial by the Court of Appeals of the Third Circuit of a certificate of appealability to the extent that the motion for reconsideration was considered an attack on this Court's denial of an inital § 2255 motion by the Defendant and also to the extent that it raised a second or successive § 2255 motion as it was "unauthorized" in addition to its failure to allege "newly discovered evidence" or "a new rule of constitutionallaw, made retroactive to cases on collateral review" as its legal basis. 28 U.S.C. § 2255; Order of Court of Appeals dated May 17, 2006 (Document No. 11 at C.A. No. 3:2005-229).

already reviewed a previous motion by the Defendant pursuant to 28 U.S.C. § 2255,[2] *see* footnote one *supra,* p. 1, the Court must first determine if any of the present *pro se* motions present second or successive motions pursuant to 28 U.S.C. § 2255.

The Defendant is familiar with the power of this Court to recharacterize a *pro se* litigant's motion in order to allow the litigant to understand the substance of his claim and "its underlying legal basis", *see Castro v. U.S.*, 540 U.S. 375, 381-382, 124 S.Ct. 786, 791-792 ,157 L.Ed.2d 778, 786-787(2003), because the Court previously recharacterized the Defendant's original § 2255 motion from its heading of "Myrieckes Petition in Nunc Pro Tunc Requesting the Court to Declare the Sentencing Reform Act's Mandatory provisions of 18 U.S.C. § 3553 (B) Unconstitutional and Further Remedy as a Result." Document No. 124 at Criminal No. 3:2000-14-03. The Defendant's motion at Document Number 133 requests the Court to "re-open" judgment in this criminal case because the Defendant is "'actually innocent' of the career offender enhancement he received." Document No. 133, p. 1. The

---

[2]28 U.S.C. § 2255 reads in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

***

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant argues that the predicate offenses used to establish his career offender enhancement under the sentencing guidelines were not ones that qualify as "controlled substance offense(s)" under United States Sentencing Guidelines §§ 4B1.1, 4B1.2. Such an argument falls squarely within the enumerated bases for a § 2255 motion in that it alleges that the sentence violated federal law and was in excess of what was authorized by law. *See* 28 U.S.C. § 2255.[3] Thus, this filing being a second § 2255 motion that was filed without the approval of the Third Circuit Court of Appeals, the Court will dismiss this motion in accordance with *Robinson v. Johnson*, 313 F.3d 128, 139-140 (3d Cir. 2002). *See also* 28 U.S.C. §§ 2244, 2255.

The Government did not respond to the remainder of the Defendant's motions, but this does not prevent the Court from also finding that the Defendant's motions present further arguments with a basis in 28 U.S.C. § 2255. Document number 140, in particular, presents an argument that the statute of which the Defendant was convicted, namely Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 5 Grams of Cocaine Base, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), is unconstitutional and therefore, this Court did not have jurisdiction over him because the Defendant committed no federal crime. The Defendant combines an argument of the absence of jurisdiction of this Court with a "void for vagueness" argument in reference to the above offense, arguing that no Federal law makes it illegal to possess "crack" and no reference to the word "crack" whether alone or in combination with the word "cocaine" appears in the above-referenced statutes and therefore, the

---

[3]The Court finds no Third Circuit precedent requiring it to notify the Defendant of its recharacterization of the present § 2255 motions like it did with the Defendant's initial § 2255 motion. This is only logical considering the legal implications that the filing of an initial § 2255 has upon second and successive § 2255 motions; and with said experience already behind him, the Defendant is well aware of the basis of his present motions and the necessity to include all arguments encompassed by a § 2255 in an initial § 2255 motion.

3

Court was without jurisdiction to convict the Defendant of a federal crime. *See* Document No. 140 generally. With the "vagueness" argument being constitutional in nature and the argument for lack of jurisdiction also coming within the purview of 28 U.S.C. § 2255, the Court must dismiss Document number 140 for the Defendant's failure to obtain certification from the Court of Appeals for the Third Circuit. *See Robinson, supra*; 28 U.S.C. §§ 2244, 2255.

The remaining motions at document numbers 136 (requesting the Court to hold something in abeyance while considering his "Actual innocent motion" )[4], 137 (requesting the Court to order the Defendant's release pursuant to the All Writs Act, 28 U.S.C. §§ 2241 or 2243, or a *sua sponte* review of the "void for vagueness" argument), and 139 (requesting judicial notice be taken of the fact that the word "crack" alone or in combination with the words "cocaine" or "cocaine base" is not contained in 21 U.S.C. § 841(b)(1)(B)(iii)) are made in conjunction with and are ancillary to the Defendant's motion at Document number 140 and his arguments that this Court is without jurisdiction because § 841 (b)(1)(B)(iii), as it relates to "cocaine base", is void for vagueness and, therefore this Court was without jurisdiction to impose the sentence that he is currently serving. Once again, because these motions relate to matters challenging the jurisdiction of this Court as the sentencing Court and/or that the sentence given is unconstitutional, these motions must be dismissed as they are successive motions pursuant to 28 U.S.C. § 2255 that have not been certified by the Court of Appeals for the Third Circuit. *See Robinson, supra*; 28 U.S.C. §§ 2244, 2255.

---

[4]The Defendant "request[s] this Court hold his in 'abeyance' while this Court hear, entertain, grant or deny his instant 'Actual innocent motion,' as to the Jurisdictional Void-for-Vagueness question as to Crack Cocaine." Document No. 136. There appears to be an omission of a word in this motion. The Court can only conclude that the Defendant is requesting the Court to hold his motion at document number 133 in abeyance until it rules upon document number 140.

4

**AND NOW,** this 30th day of March, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's "Motion to Reopen Judgment Due to 'The Actual Innocence Exception'" (Document No. 133), "Motion to hold Petitioner's [sic] In 'Abeyance' while this Court Hear, Entertain Grant or Deny His Instant 'Actual Innocent Motion' As to the Jurisdictional Void-For Vagueness Question as to Crack Cocaine" (Document No. 136), "Applicant's 'Actual Innocent Motion' to Void a Complete Miscarriage of Justice as to his Conviction and Sentence..."(Document No. 137), "Motion to Take Judicial Notice" (Document No. 139), and "Motion for this Court to Entertain and Hear this Jurisdictional 'Void-for-Vagueness' Question..." (Document No. 140) are DISMISSED for lack of certification from the Court of Appeals for the Third Circuit in accordance with 28 U.S.C. §§ 2244, 2255 as said motions are in substance, motions pursuant to 28 U.S.C. § 2255.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE