IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 00-14-3 |
| | ) | |
| ERIC L. MYRIECKES | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Defendant. | ) | |

## OPINION AND ORDER

The issue presented in this matter is whether Defendant Myrieckes is entitled to a reduction of sentence pursuant to a retroactive amendment to the Sentencing Guidelines. The Court finds that a reduction is not appropriate because Myrieckes' sentence was based upon the Career Offender guidelines, which have not been amended.

### I. Procedural History

This matter comes before the Court on Defendant's "Motion For Reduction of Sentence" (Doc. No. 145), filed on November 5, 2007. Defendant's Counsel filed a "Supplement to Defendant Eric L. Myrieckes' *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" on September 24, 2008 (Doc. No. 155). The Government filed its response on December 15, 2008 (Doc. No. 159). Defendant filed a reply to the Government's response on December 22, 2008 (Doc. No. 161), and a supplement (Doc. No. 161) on January 9, 2009.

Defendant Myrieckes was charged with one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Doc. No. 1. After pleading guilty to the conspiracy count, Defendant Myrieckes was sentenced to 188 months imprisonment on August 27, 2001. Doc. No. 86. The Honorable D. Brooks Smith imposed the sentence pursuant

to the then-mandatory United States Sentencing Guidelines. *Id.*

The parties dispute whether the Court should consider Defendant's original *pro se* motion. The Government argues that considering both Defendant's *pro se* motion and Defendant's Counsel's motion would allow hybrid representation. Doc. no. 159, p. 4. The Court exercises its discretion to consider both filings; this situation is not of the type intended to be proscribed by the Court's rules regarding hybrid representation. In this instance, Defendant filed the *pro se* motion prior to, and obviously without awareness of, the Western District's Order appointing the Federal Defender's office to handle these types of motions. Nonetheless, while Myrieckes' *pro se* Motion was reviewed and considered by the Court, this Opinion responds directly only to those arguments raised in Counsel's Motion.

## II. Applicability of Retroactive Change in Guidelines to Myrieckes' Sentence

On November 1, 2007, the United States Sentencing Commission amended § 2D1.1 of the Sentencing Guidelines to decrease the guideline ranges applicable to certain offenses involving crack cocaine (the "Crack Amendment" or "Amendment 706"). *See* U.S.S.G., Supp. to App. C., Amend. 706 (2007); U.S.S.G. § 1B1.10(c). Furthermore, the Sentencing Commission decided to make Amendment 706 retroactive. U.S.S.G. § 2B1.10 (Supp. March 3, 2008).

Under Third Circuit law, "[g]enerally, a district court may not alter a term of incarceration once it has been imposed." *United States v. Wise*, 515 F. 3d 207, 220 (3d Cir. 2008). However, Congress has specified that a district court may consider a sentencing reduction where a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In full, Title 18 U.S.C. § 3582(c)(2) provides:

2

> [i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In typical motions pursuant to this statute and Amendment 706, the movant was sentenced pursuant to a guideline range established by the sentencing court's calculations of the marijuana equivalency of a certain amount of cocaine base. However, in Myrieckes' case, the determinative guideline range used in sentencing was the Guidelines' "Career Offender" provisions. *See* Sentencing Tr., pp. 109-10; U.S.S.G. § 4B1.1. Nonetheless, during the sentencing process, as appropriate, an initial guideline range was calculated for Myrieckes based upon the amount of drugs at issue. *See* Doc. No. 155, p. 8. This sentencing range was determined to be 130 to 162 months. *Id.* However, that specific range was not ultimately applied, because Judge Smith determined that Myrieckes was a Career Offender as defined under Chapter Four of the Guidelines. *See* Transcript of Myrieckes' Sentencing, held on August 27, 2001("Sentencing Tr."), at 109-10; U.S.S.G. § 4B1.1. To emphasize this important point once again: the dispositive guideline range used in Myrieckes' sentence was determined by application of the Career Offender provisions. *Id.* This Career Criminal range was 188 to 235 months; Myrieckes was sentenced at the low end of that range. Sentencing Tr., pp. 109-10, 120.

To receive a reduction of his sentence under Section 3582(c)(2), Myrieckes must receive favorable determinations on two key issues. First, whether this Court has jurisdiction under 18

U.S.C. § 3582(c)(2) to reduce a sentence that was ultimately imposed under the Guidelines' Career Offender provisions. If so, the second issue then becomes whether the Court, upon consideration of the factors set forth in Section 3553(a), believes a reduction in Myrieckes' sentence is consistent with the applicable policy statements issued by the Sentencing Commission. *See United States v. Freeman*, 2008 WL 4878396 (E.D. Pa. Nov. 10, 2008). As discussed *infra*, neither requirement is met in this case.

Defendant's fundamental argument is that this Court should reduce his sentence because the sentencing process <u>considered</u> a guideline range that would have been lower following Amendment 706. Therefore, Defendant asserts that this Court has jurisdiction to grant a reduction under 18 U.S.C. § 3582(c)(2). Doc. No. 155, p.1. In so arguing, Defendant suggests that the Court interpret the statutory language "based on" to mean "based in part" or "played a role" or "to some extent influenced." Doc. No. 155, pp. 16-24. Such an interpretation argues that because the sentencing court calculated, contemplated, and compared Myrieckes' section 2D1.1 range, therefore the final sentence was at least in part "based on" section 2D1.1. While Defendant avers that there is no binding precedent upon this issue, he also acknowledges that numerous cases in almost all jurisdictions have not granted sentence reductions in similar situations; nonetheless, Defendant maintains that his situation is distinguishable from such cases. Doc. No. 160, pp. 2-3.

The government responds that no sentencing reduction is allowed by law in this instance because "this Court lacks authority to reduce [Myrieckes'] sentence under 18 U.S.C. § 3582(c)(2)." Doc. No. 159, p. 1. The government asserts simply that Myrieckes was sentenced based upon his classification as a Career Offender, and the statutory language "based on" should be interpreted more narrowly than Defendant suggests. Doc. No. 159, pp. 2-3. The government

4

argues that only the Career Offender guidelines formed the foundation of Defendant's Guidelines-based sentence, not the later-amended drug guidelines; therefore, this Court does not have jurisdiction to reduce the sentence under Section 3582(c)(2).

The parties' briefs reference competing dictionary definitions for the terms "based" and "based on" as used in Section 3582(c)(2). This dictionary faceoff, a standby of statutory interpretation, illustrates that direct textual statutory interpretation is frequently stymied by the inherent ambiguity of language. *See generally* Michael S. Moore, *The Semantics of Judging*, 54 S. Cal. L. Rev. 151, 181-87 (1980) (discussing at length the problems that ambiguity poses for objective theories of meaning). As the parties reveal through their briefs, equally competent dictionaries offer numerous definitions for the term "based on." Furthermore, Defendant's point that Congress could have prefaced "based on" with a word such as "solely", in order to clarify their intent, is relatively unpersuasive fruit of the quixotic, if time-honored, lawyerly frustration with the inexactness inherent in legislation; the absence of a modifier such as "solely" certainly does not advocate strongly for Defendant's position. Doc. No. 160, pp. 7-8.

Regardless of these competing possible interpretations of the statutory language, this Court chooses to resolve the semantical quandary through a pragmatic adjunct. The Court therefore considers the plain language to the extent useful, while focusing upon the problem the statute was intended to address. Thus, the Court interprets the statute's grant of jurisdiction by asking the fundamental question of whether Defendant's sentence, if imposed after Amendment 706, would have been the same, or lower. This approach comports precisely with the intent of the statute. *See* 73 Fed. Reg. 217-01 (2008). Title 18 U.S.C. § 3582(c)(2) was without question intended to allow for the reduction in sentence of those punished under any regime determined later by the

5

Sentencing Commission to be so unjust as to merit both a change and a retroactive application of that change. *Id.* Furthermore, the Court notes that Amendment 706, applied retroactively, was intended to remedy any injustice stemming from disparities between sentences for crack cocaine crimes and sentences for powder cocaine crimes. *See* Press Release, United States Sentencing Commission, U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses (Dec. 11, 2007), *available at* http://www.ussc.gov/PRESS/rel121107.htm (last accessed Jan. 14, 2009).

Upon consideration of the purposes of the statute and the Amendment at issue, the statutory language "based on" essentially means "driven by and formed from," such that where A is "based on" B, the destruction or material modification of B concomitantly, and without further action, destroys the validity and integrity of A. Because the Court concludes that the at-issue drug guidelines were not the driving force for Defendant's imposed sentence of 188 months, Defendant's Motion cannot succeed. Given both the language and intent of the relevant statute, and considering the facts of this individual case, the Court concludes that Myrieckes' sentence was "based on" the Career Criminal guidelines and not the drug guidelines. The Court arrives at this conclusion after consideration of all of the parties' filings, and all available evidence surrounding Myrieckes' sentence. In particular, a careful reading of the Sentencing Transcript facilitated resolution of the issue.

The Sentencing Transcript reveals Judge Smith's awareness of the significant distinctions, in effect and policy, between the Career Offender guidelines and the drug guidelines. The Sentencing Commission, charged with the "development of guidelines that will further the basic purposes of criminal punishment," considers and develops defined policy purposes for its

6

sentencing ranges. *See* The Sentencing Reform Act of 1984, Pub.L. No. 98-473, §§ 212, 218, 98 Stat.1987, 2027 (codified as amended at 18 U.S.C. §§ 3551-59, 3561-66, 3571-74, 3581-86, 28 U.S.C. §§ 991-98 (1988)). In this instance, reasons for drug ranges, and cocaine base ranges in particular, are substantially different from reasons for the Career Offender ranges. The Introductory Commentary to Chapter Four states: "A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment . . . . To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitiation." U.S.S.G., Ch. 4, Part A, Introductory Commentary. Defendant's Attorney, at the Sentencing Hearing, nicely summarized the distinction: "I think they [specific offense conduct and Career Offender enhancement] are separate issues. Career offender is driven by the priors." Sentencing Tr., p. 100. In short, drug guideline ranges have a different rationale from guideline ranges focused upon recidivist behavior; this distinction was evident throughout the Sentencing Hearing. Judge Smith's cognizance of the distinction contributed to this Court's determination of what constituted the "base" of Defendant's sentence.

Also significant was Judge Smith's decision to reject the motion for departure and instead sentence Defendant within the Career Offender range. Defendant attempts to gain argumentative force through extensive reference to Judge Smith's precatory language regarding his humanitarian reticence in imposing such a significant sentence. *See, e.g.*, Doc. No. 155, p. 3. However, such an argument is more on-point regarding frustration with mandatory sentencing ranges in general, a topic that is not at issue in this matter. Despite voicing his hesitance about the sentence

7

imposed, Judge Smith did not grant a departure at the time, and could have done so. While describing a downward departure as a "safety valve", Judge Smith declined to exercise this available safety valve. Sentencing Tr., p. 100. It was upon that motion for a downward departure that the sentencing court had the discretion to consider the details of the drug offense in making its determination. Neither federal statute nor Amendment 706 grants this Court permission to go back in time to re-assess the factors considered by Judge Smith in his decision to deny that request for downward departure. Having rejected the downward departure, Judge Smith proceeded to base the sentence upon the Career Offender range. Defendant's attorney expressly asked for non-application of the Career Offender range, and that request was denied. Hr'g Tr., p. 101. In sum, upon as full review as hindsight and non-presence can grant, this Court concludes that the Career Offender guidelines were the "driving" force of Defendant's sentence, and therefore this Court has no jurisdiction. *See* Sentencing Tr., p. 99 (statement from Defendant's Attorney that "The Quantity involved in this case was a lot more but the quantity is not driving the sentence. What is driving the sentence is the application of the career offender guidelines)."

While the Court is confident in this determination, it nonetheless acknowledges that there is some weight to Defendant's argument. While Judge Smith could have decided that the amount of drugs was not relevant to the sentence imposed, the Court instead heard the testimony of several witnesses and arguments from the attorneys. *See* Doc. No. 155, p. 6. However, this argument and related arguments, while persuasive along a certain line of thinking, do not carry the day. The process of sentencing in the federal courts, whether Guidelines are mandatory or advisory, is always, to a certain extent, holistic. Judge Smith undoubtedly considered many factors in his ultimate determination, and in his decision not to grant a departure; nonetheless, that

8

does not change the fact that the sentence imposed upon Myrieckes' was primarily a product of the chosen policy of harsher punishments for recidivists. In this matter, in order for the Defendant to qualify for a reduction in sentence, there would have to be a reduction, retroactively applied, in the Career Offender guideline ranges.

## III. Conclusion

The law applied to the facts of this particular case provides a clear result: the sentence was based upon the career offender provisions and is not subject to reduction as the Defendant requests. This determination is dispositive in this matter.[1] As such, the Court finds that all other issues raised in Defendant's brief, some of which are both interesting and well-argued, are moot and need not be addressed here. An appropriate order follows.

---

[1] As an additional note, even if the Court were to issue a broader interpretation of the statutory language "based upon", and found jurisdiction over the motion, the motion would not successfully meet the second requirement of section 3582(c)(1)(2), because a reduction in this instance is not consistent with the applicable policy statements issued by the Sentencing Commission. The Sentencing Commission clearly states that "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection(c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G, Policy Statement §1B1.10. In this instance, the matter could not be more clear: Defendant Myrieckes' applicable guideline range was not lowered by the Crack Amendment; therefore, reducing his term of imprisonment would not be consistent with the aforementioned policy statement, which is an express requirement of the governing statute.

9

And now, this 15th Day of January, 2009, upon consideration of Defendant Myrieckes' Motion for Reduction of Sentence, IT IS HEREBY ORDERED THAT the Motion is DENIED.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**